IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PMA IP, LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>Krav Maga Boston Inc., a Massachusetts corporation, and Dennis Amato d/b/a Alpha Krav Maga Boston, an individual,<br><br>       Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**(Jury Trial Demanded)**<br><br>Case No. _____<br>Judge _____ |

1. Plaintiff PMA IP, LLC ("Premier"), complaining against Defendants Krav Maga Boston Inc. and Dennis Amato d/b/a Alpha Krav Maga Boston (collectively "KMB"), alleges and states as follows:

## NATURE OF THE CASE

2. This case is an action arising out the Lanham Act, for trademark infringement, false designation of origin, and unfair competition, based upon KMB's unauthorized and deceptive use of Premier's federally registered trademarks including PREMIER MARTIAL ARTS, which is likely to cause consumer confusion and has damaged Premier. Premier seeks injunctive relief and damages.

## PARTIES, JURISDICTION, AND VENUE

3. Premier is a Delaware limited liability company with its principal place of business in Bedford, Texas.

4. Upon information and belief, Dennis Amato is an individual residing in the Commonwealth of Massachusetts and doing business as Alpha Krav Maga Boston, with a principal place of business in Malden, Middlesex County, Massachusetts.

5. Upon information and belief, Krav Maga Boston, Inc., is a Massachusetts corporation with a principal place of business in Plymouth, Plymouth County, Massachusetts.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises out of the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).  This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the common law trademark and unfair competition claim because that claim is so related to the federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. This Court has general personal jurisdiction over Dennis Amato d/b/a Alpha Krav Maga Boston and Krav Maga Boston, Inc. because they are domiciled in Massachusetts, and because Krav Maga Boston, Inc. is incorporated in Massachusetts and its principal place of business is in Massachusetts.

8. This Court has specific personal jurisdiction over Dennis Amato d/b/a Alpha Krav Maga Boston and Krav Maga Boston, Inc. because they have continuous and systematic contacts with Massachusetts, they have purposefully availed themselves of the privilege of conducting business in Massachusetts, the allegations in this Complaint arise out of and relate to their forum-related activities, and it is reasonable for the Court to exercise personal jurisdiction over them.

9. Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) because KMB resides in this judicial district.  Venue is also proper in this judicial district because a substantial part of the events and omissions giving rise to the claims alleged in this Complaint occurred in this district and because KMB is subject to the Court's personal jurisdiction.

## PREMIER'S TRADEMARK RIGHTS

10. Premier is the owner of the trademark rights described in this action and the owner of the trademark registrations described below.  Premier licenses its trademark to Premier

2

Franchising Group, LLC and its authorized sublicensees for use in martial arts studios throughout the country.  As the licensor of the trademarks, Premier stands in the shoes of its licensees and all of the uses of the trademarks by the licensees inure to the benefit of Premier.  In the allegations below, references to uses of the trademark by Premier shall refer to and include all uses by Premier Franchising Group, LLC (including its predecessors) and its sublicensees.

11. Premier maintains control over the trademark uses, and the goods and services associated with them, described herein, including through licensing and franchise agreements through which it retains all rights necessary to maintain such control to ensure sufficient standards of quality, and it exercises those rights, as needed, to maintain such control.

12. Premier (through its licensees) is a national leader in the area of martial arts instruction with over 258 martial arts studios located in 33 states.  Premier has five locations in the Greater Boston area, nine other locations across Massachusetts, and at least eight projected new Massachusetts openings in 2023.

13. The following image indicates locations of several of Premier's authorized martial arts school studios operating, with authorization, under Premier's PREMIER MARTIAL ARTS trademarks in and near the Greater Boston area:



14. Premier owns common law trademark rights and federal trademark registrations for PREMIER MARTIAL ARTS trademarks discussed further below (the "Trademarks") for its martial arts uniforms and training equipment, martial arts instruction, and operation of martial arts schools.

15. Premier has spent substantial money and time promoting and advertising its brand and has obtained legal protection for the Trademarks.

16. Premier owns U.S. Registration No. 6459164, registered on August 24, 2021 with the U.S. Patent and Trademark Office ("USPTO"), for the standard character mark PREMIER MARTIAL ARTS for: martial arts uniforms in International Class 25; martial arts training equipment in International Class 28; and martial arts instruction, operating of martial arts schools in International Class 41, with first use dates at least as early as 2004.  A copy of the registration certificate is attached as Exhibit 1.

17. Premier owns U.S. Registration No. 3282683, registered on August 21, 2007, for the design plus words mark:



for: Management and business consulting services in the field of martial arts; licensing of martial arts training curricula, namely instructional DVDs; licensing of marketing materials in the nature of brochures, print ads, posters, cards, door hangers, and patches; provided to owners of martial arts studios in International Class 41, with first use dates at least as early as 2004. A copy of the registration certificate is attached as Exhibit 2.

18. Premier owns U.S. Registration No. 6431589, registered on July 27, 2021, for the design plus words mark:



for: martial arts uniforms in International Class 25; martial arts training equipment in International Class 28; and martial arts instruction, operating of martial arts schools in International Class 41, with first use dates at least as early as 2004. A copy of the registration certificate is attached as Exhibit 3.

19. Premier owns U.S. Registration No. 6716126, registered on May 3, 2022 with the USPTO, for the design plus words mark:



for: martial arts instruction, operating of martial arts schools in International Class 41, with first use dates at least as early as 2018. A copy of the registration certificate is attached as Exhibit 4.

20. Premier also owns common law rights in the word mark PREMIER MARTIAL ARTS that it acquired by virtue of using the mark in commerce in connection with the goods and services described above, with first use dates at least as early as 2014.

21. As a result of Premier's longstanding existence and national promotion of its martial arts studios and the services it provides, the Trademarks have become associated with Premier's high quality and industry-leading martial arts products and services.

22. As a result of Premier's long use and widespread, successful promotion of services in connection with the Trademarks, consumers and the public associate the Trademarks exclusively with Premier and Premier's products and services. Accordingly, while inherently distinctive, the Trademarks have also acquired additional distinctiveness.

**KMB'S MISCONDUCT**

23. KMB, on information and belief, owns and operates a martial arts school in or around Malden, Massachusetts.

24. In or around the beginning of 2023, KMB began using Premier's trademark, PREMIER MARTIAL ARTS prominently on the front page of its website located at http://kravmagaboston.com, substantially as follows:

![Malden's Premier Martial Arts School banner]

25. KMB also began using Premier's trademark, PREMIER MARTIAL ARTS with Google's business listing, so that KMB's business would begin to be shown on Google as "PREMIER MARTIAL ARTS BOSTON."

26. As a result, relevant consumers are shown KMB's martial arts school, as "Premier Martial Arts Boston" in response to a google search, substantially as follows:



27. To have a such a business listing on Google, KMB was required by Google to positively represent to Google that KMB has a business with that name at that location.

28. On information and belief, KMB has also purchased advertising keywords on search engines including Google, including the Premier's mark PREMIER MARTIAL ARTS, to boost KMB's search results when consumers are trying to find Premier's schools.

29. KMB's uses of PREMIER MARTIAL ARTS are in connection with at least: martial arts instruction and operating of martial arts schools.

30. KMB's uses of PREMIER MARTIAL ARTS are not authorized by Premier.

31. KMB's operation and advertisement of PREMIER MARTIAL ARTS within the same geographic area as Premier's existing martial arts studios is likely to cause confusion, mistake, or deception regarding the sources, sponsorship, or affiliation of the parties' respective products and commercial activities.

32. On information and belief, KMB's actions described above are intentional, willful, and designed to wrongfully profit from the goodwill associated with Premier and to lure customers to its competing location.

33. Premier sent a cease-and-desist letter to KMB on January 13, 2023 and a follow-up on January 31, 2023, demanding that KMB discontinue its unauthorized and improper uses of Premier's trademarks, but KMB did not respond and did not discontinue their uses.

34. In light of KMB's intentional and bad faith refusal to stop use of its infringing name after being informed of Premier's longstanding rights, this is an "exceptional" case pursuant to 15 U.S.C. § 1117(a).

## COUNT I

### (Trademark Infringement Under 15 U.S.C. § 1114)

35. Premier incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

36. Premier exclusively owns the Trademarks and the U.S. Trademark Registrations for the Trademarks, as discussed above.

37. KMB has used and continues to use the registered mark PREMIER MARTIAL ARTS in connection with the sale, offering for sale, distribution, and advertising of goods or services in connection with which such use is likely to cause confusion, or to cause mistake, or deceive, manner likely to cause confusion, to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.

38. Defendant's past and ongoing harm of Premier is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

39. As a direct and proximate cause of KMB's conduct, Premier has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until KMB and others in active concert are restrained from continuing their wrongful acts.

40. KMB's actions complained of herein are willful with an intent to deceive relevant consumers.

41. On information and belief, KMB began using the PREMIER MARTIAL ARTS trademark after observing the substantial goodwill and success of Premier's business and trademark in the Greater Boston area, and KMB intentionally began infringing on the PERMIER MARTIAL ARTS trademark to profit from Premier's goodwill by confusing and misdirecting consumers to KMB, on the mistaken belief that KMB is affiliated with Premier's business.

42. KMB's wrongful conduct constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. In particular, KMB's conduct constitutes the use in commerce of a reproduction, counterfeit, copy, or colorable imitation of all of Premier's Trademarks set forth above in

9

connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

44. Premier is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, KMB's profits, and the costs of this action under 15 U.S.C. § 1117.

## COUNT II

### (Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

45. Premier incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

46. Premier exclusively owns the Trademarks.

47. As a result of Premier's use of PREMIER MARTIAL ARTS in connection with, among other things, martial arts instruction and operating of martial arts schools since at least as early as 2004, as well as Premier's federally registered marks, Premier has developed enforceable rights and goodwill in the PREMIER MARTIAL ARTS mark.

48. KMB has used and continues to use the term PREMIER MARTIAL ARTS in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, sponsorship, approval or association of KMB with Premier's business, marks, products, and services, and is likely to create confusion as to the origin of Premier's and KMB's services in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. On information and belief, KMB intends to continue to trade upon the goodwill and consumer recognition associated with Premier's PREMIER MARTIAL ARTS mark.

50. KMB has caused a likelihood of customer confusion as to the source of origin or relationship of Premier's and KMB's products or services, and has otherwise competed unfairly with Premier.

51. KMB's past and ongoing harm of Premier is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

52. As a direct and proximate cause of KMB's conduct, Premier has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until KMB and others in active concert are restrained from continuing their wrongful acts.

53. KMB's actions complained of herein are willful with an intent to deceive relevant consumers.

54. KMB's wrongful conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. In particular, KMB's conduct constitutes the use in commerce of a reproduction, counterfeit, copy, or colorable imitation of all of Premier's Trademarks set forth above in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

56. Premier is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, KMB's profits, and the costs of this action under 15 U.S.C. § 1117.

## COUNT III

### (Common Law Trademark Infringement and Unfair Competition)

57. Premier incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

58. Premier owns and has the exclusive right to use the Trademarks in commerce for, among other things, providing martial arts instruction services and operating of martial arts schools since at least as early as 2004.

59.     KMB's use of the term PREMIER MARTIAL ARTS is in competition with Premier and constitutes unfair competition and trademark infringement at common law.

60.     KMB's use of its infringing name in connection with, among other things, advertising, promoting, offering for sale, and selling KMB's products and services is likely to confuse consumers and mislead them into believing that KMB is associated with, is an authorized franchisee of, or operates under the authority of Premier.

61.     KMB's past and ongoing harm of PREMIER is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

62.     As a direct and proximate cause of KMB's conduct, PREMIER has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until KMB and others in active concert are restrained from continuing their wrongful acts.

63.     KMB's actions complained of herein are willful with an intent to deceive relevant consumers.

## PRAYER FOR RELIEF

WHEREFORE, Premier respectfully prays for relief against KMB as follows:

A.     That the Court find that KMB directly and willfully infringed Premier's Trademarks.

B.     That the Court order KMB to account for and pay to Premier all profits derived by reason of KMB's use of its infringing name to sell goods or services.

C.     That the Court order KMB to pay to Premier all damages incurred by Premier by reason of KMB's use of its infringing name to sell goods or services.

D.     That the Court order that KMB, and all of its agents, partners, servants, employees, distributors, authorized resellers, and all others in active concert or participation with

KMB, be enjoined and restrained during the pendency of this action, and permanently thereafter, from using in commerce the name "Premier Martial Arts" and any other name or mark that contains the words "premier" and "martial" or confusingly similar terms.

E.  That the Court order that KMB, and all of its agents, partners, servants, employees, distributors, authorized resellers, and all others in active concert or participation with KMB, be enjoined and restrained during the pendency of this action, and permanently thereafter, from using the name "Premier Martial Arts" or any similar name or mark in connection with martial arts instruction services and related products.

F.  That the Court order KMB to pay to Premier the costs of this action, together with reasonable attorneys' fees and disbursements; and award Premier's attorneys' fees under 15 U.S.C. § 1117 and any other applicable provision of law.

G.  That the Court grant such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Premier hereby demands a trial by jury on all issues so triable.

DATED this 27th day of March 2023.

DLA PIPER

*/s/ Bethany Appleby*
Bethany Appleby, BBO 662964
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
Telephone: 617-406-6000
Facsimile: 617-406-6100
Email: bethany.appleby@us.dlapiper.com

Joseph G. Adams (*pro hac vice* forthcoming)
Jacob C. Jones (*pro hac vice* forthcoming)

                SNELL & WILMER L.L.P.
                One East Washington Street, Suite 2700
                Phoenix, Arizona  85004-2556
                Telephone: 602-382-6000
                Facsimile: (602) 382-6070
                E-mail:  jgadams@swlaw.com
                jcjones@swlaw.com

*Attorneys for Plaintiff PMA IP, LLC*